CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
July 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **AUTHER MURRAY,** | )<br>) |
| Plaintiff, | ) Case No. 7:25CV00149<br>) |
| v. | ) **OPINION**<br>) |
| **RICHARD ALSBROOK,** | ) JUDGE JAMES P. JONES<br>) |
| Defendant. | ) |

*Auther Murray, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, complaining that he is not allowed enough time outside his cell to use the telephone every day. After review of the Complaint, I conclude that this action must be summarily dismissed.

Murray's Amended Complaint names one defendant, Richard Alsbrook, Superintendent of the Southwest Virginia Regional Jail (SWVRJ) facility in Abingdon.[*] Murry alleges that the SWVRJ

> Abingdon facility has a policy in place that allows inmates only one hour of out of cell time per day. During this time inmates have to use phones, shower, or do other congregate activit[i]es. There are 18 inmates out during that hour, which makes it impossible for eve[r]yone

---

[*] The initial Complaint listed two other defendants, but Murray did not include those individuals in the list of defendants on the Amended Complaint. Therefore, the court has terminated them as parties. In any event, Murray also fails to state any facts concerning how actions by either of them violated his constitutional rights.

>   to use the phone since phone calls are 15 minutes long and there is only 3 phones available.

Am. Compl. 3, ECF No. 9. Murry contends that the SWVRJ policy violates Virginia law. Va. Code Ann. § 53.1-39.2(D) provides: "An incarcerated person may be offered less than four hours of out-of-cell programmatic interventions or other congregate activities per day only in the circumstance that the facility administrator determines a lockdown is required to ensure the safety of the incarcerated persons in the facility." As relief, Murray asks the court to find that the SWVRJ out-of-cell policy violates his constitutional rights and order Alsbrook to change it.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Murray bases his claim on an alleged violation of state law. An alleged violation of state law, however, does not state an actionable § 1983 claim. *Clark v. Link*, 855 F.2d 156, 163 (4th Cir. 1988). Murray fails to to specify any provision of the Constitution on which he is basing his claims about the challenged jail policy.

Murray also does not state facts about Alsbrook's involvement with creating or enforcing that policy and seeks to hold him responsible based merely on his job title as superintendent. Liability under § 1983 is personal and may not be based upon respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Murray does not describe any of Alsbrook's actions that would support his direct liability or supervisory liability.

Because Murray's allegations fail to state plausible claims actionable under § 1983, I will summarily dismiss the action without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim.

An appropriate Order will enter this day.

DATED: July 31, 2025

/s/ JAMES P. JONES
Senior United States District Judge